**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JOHNNY RAY SIMS**                                                         **PETITIONER**

**v.**                                                          **CIVIL ACTION NO. 2:14cv49-KS-MTP**

**JOHNNIE DENMARK**                                           **RESPONDENT**

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on a Motion to Dismiss Pursuant to § 2244(d) [7] filed by Respondent. Having carefully considered the submissions of the parties and applicable law, the undersigned recommends that the Motion to Dismiss [7] be granted and that the Petition for Writ of Habeas Corpus [1] be denied.

FACTS AND PROCEDURAL HISTORY

Petitioner Johnny Ray Sims is currently serving a life sentence at the Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. Prior to a capital murder conviction that resulted in his current sentence, Sims was convicted of one count of aggravated assault on July 22, 2005, in the Circuit Court of Marion County, Mississippi, and sentenced to twenty years and $10,000 restitution.[1] The underlying facts of his aggravated assault conviction are as follows. On September 13, 2000, a police officer spotted Sims and, believing Sims had warrants out for his arrest, approached him. Sims was in his vehicle, along with Angelina Robinson, who was in the passenger seat. When the police officer attempted to speak with Sims, he drove off at a high rate of

---

[1] *See* Exhibit B [7-2] at 1. Specifically, the court sentenced Sims to serve a year and two months with eighteen years and ten months suspended. When Sims was arrested for capital murder, his suspended sentence was revoked and he was ordered to served the remaining portion of his sentence. *Id.*

1

speed. Sims then ran a red light and collided with a vehicle driven by Mary Beth Broome. Sims continued to drive and collided with a second vehicle driven by Virgie Stevens. Finally, Sims's vehicle struck a tree, injuring Robinson, while Sims continued to flee on foot.[2] Sims was initially charged with three counts of aggravated assault, but two counts were dropped in exchange for a "best interests plea" to one of the counts.[3] In exchange for dismissing the two counts, the State requested that the trial court consider ordering restitution to all three victims.[4] On July 21, 2005, Sims was ordered to pay a total of $10,000 in restitution in addition to his prison sentence – $6,000 to alleged victim Virgie Stevens and $4,000 to the victim of the count for which he was convicted, Mary Beth Broome.[5]

On October 1, 2007, Sims filed a "Motion to Vacate Revocation Hearing" in Marion County Circuit Court. This motion was treated as a post-conviction motion regarding Sims revocation hearing and not a challenge of his original plea of guilty and resulting sentence, and was denied on May 14, 2008.[6] On December 5, 2008, Sims filed a Motion for Post-Conviction Collateral Relief in Marion County Circuit Court,[7] which was dismissed on April 20, 2009.[8] The Mississippi Court of Appeals affirmed on March 5, 2013. *Sims v. State*, 134 So. 3d 317 (Miss. Ct. App. 2013), *reh'g*

---

[2] *Sims v. State*, 134 So.3d 317, 319-20 (Miss. 2013).

[3] *Id.* at 302.

[4] *Id.*

[5] Exhibit B [7-2].

[6] Exhibit E [7-5] at 2.

[7] *See* Exhibit I [7-9].

[8] *See* Exhibit J [7-10].

*denied* June 25, 2013. The Mississippi Supreme court granted *certiorari* review and affirmed the Appeals Court decision on March 20, 2014. *Sims v. State*, 134 So. 3d 300 (Miss. 2014).

Sims filed the present action pursuant to 28 U.S.C. § 2254 on April 7, 2014. In his petition, Sims alleges that the order to pay restitution to Virgie Stevens was an illegal sentence and in violation of Due Process.[9] Specifically, Sims argues that restitution could only be imposed on him as to a loss caused by the offense to which he pled guilty or for which he was tried and convicted. Sims also alleges he had ineffective assistance of counsel during his plea hearing and that he was subjected to vindictive and politically motivated prosecution.[10] Respondent submits in his Motion that Sims's petition is time barred pursuant to 28 U.S.C. § 2244(d), and that no exception to this statute of limitations applies.[11]

## STANDARD

Section 2244(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year period of limitations applies to an application for a writ of habeas corpus, to run from the latest of: (A) the date on which the judgment became final; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or United States law is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made applicable retroactively; or (D) the date on which the factual predicate of the claims presented could have been discovered through the exercise of "due diligence." 28 U.S.C. § 2244 (d)(1).

---

[9] Although Petitioner Sims argues these grounds as separate claims in his Petition, the undersigned will consider them together.

[10] *See* Petition [1].

[11] Motion [7]; Response in Opposition to Petitioner's Traverse [10].

This period of limitations bars federal habeas review unless the prisoner can demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that the court's "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Calderon v. Thompson*, 523 U.S. 538, 558 (1998) (noting that these exceptions survived the passage of the Section 2244(d)). The "fundamental miscarriage of justice" exception is applicable only to the severely confined category of actual-innocence, where prisoners must demonstrate that new evidence "shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]." *McQuiggin v. Perkin*, 133 S. Ct. 1924, 1927 (2013) (citing *Schlup v. Delo*, 513 U.S. 2298, 329 (1995)).

## ANALYSIS

**Restitution**

In grounds one and three of his Petition, Sims challenges the restitution portion of his sentence. In ground one, Sims argues that the payment of $6,000 in restitution to Virgin Stevens constituted an illegal sentence. Virgie Stevens was the alleged victim in Count One of the indictment, which was later dropped. Thus, Sims argues he was sentenced to pay restitution to the alleged victim of a crime for which he was never convicted.[12] In ground three, Sims alleges that his conviction and sentence was in violation of due process for the same reason.[13]

The Mississippi state courts were severely divided when considering the question of restitution in Sims's post-conviction proceedings. The Mississippi Court of Appeal majority upheld the legality of Sims's sentence on several grounds. First, the court noted that Sims failed to object

---

[12]Petition [1] at 6.

[13]*Id*. at 8.

4

to the restitution order at sentencing. *Sims*, 134 So.3d at 322. Second, the court held that the requirement that a defendant pay restitution to a victim in Mississippi is authorized by statute. Section 99-37-3(1) of the Mississippi Code states that restitution may be ordered "[w]hen a person is convicted of criminal activities which have resulted in pecuniary damages." *Id*. at 323. "Criminal damages" are defined as "any offence with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant." *Id.*; Miss. Code Ann. § 99-37-1(a). The court reasoned that although the count relating to Virgie Stevens was dismissed, Sims admitted guilt to all three counts before the dismissal.[14] *Id.* Third, after Sims's plea, the prosecutor informed the court that "the State agrees, upon acceptance of [Sims's] guilty please in Count Three [(Broome)], the State agrees to dismiss Counts One [(Stevens)] and Two [(Robinson)], but asks that restitution be considered for all three counts." *Id*. The court then concluded that based on the lack of objection to this statement, "it seems obvious that Sims had a plea agreement, or, at the least, an understanding that if he pleaded guilty to one of the aggravated-assault counts, the State would dismiss the other two counts upon Sims's agreement that he would pay restitution to all the victims." *Id.*

     The two dissents, however, voiced concerns regarding the validity of Sims's sentence. Mainly, that because the charges relating to Virgie Steven's injuries were dropped, Sims was not convicted of any criminal activity in her regard. *Id.* at 327, 328. Therefore, the restitution ordered in regard to Stevens was improper. The dissent by Judges Barnes disagreed with the majority's reasoning that Sims "admitted" to criminal activity concerning Stevens. The record indicates that Broome's and Steven's accidents were separate, and that by pleading guilty to the first count, Sims

---

[14]The court cited Sims's written and sworn guilty-plea as well as the hearing transcript. It should be noted, however, the court mentions that neither the plea nor the transcript indicates whether Sims was pleading guilty to a specific count of aggravated assault or all of them.

had not necessarily plead guilty to the second. Further, neither dissent accepted the majority's contention that "it is 'obvious that Sims had a plea agreement' where he would pay restitution to all the victims . . . [w]e are required to rely upon the record made in the trial court; we cannot presume matters not reflected therein." *Id*. at 327. The dissent by Judge James voiced concern that the terms of any offer made by the State that restitution be paid to Stevens should have been included in the plea petition. Because restitution was wholly absent from the plea petition, "it cannot be ascertained exactly what Sims agreed to in exchange to his guilty plea, or whether he was informed of the restitution fees." *Id*. at 328.

The Mississippi Supreme Court was similarly divided. The majority concluded that Sims was permitted to "forego rights--even constitutional rights--in order to avoid more severe punishment." *Sims*, 134 So. 3d at 303. The court reasoned that "in exchange for his plea of guilty, two aggravated-assault charges against Sims were dismissed." *Id*. at 304. Furthermore, because Sims did not object at the time of the hearing, he waived any objection to the order as to the imposition, amount, or distribution of restitution. *Id.* Conversely, the dissent asserted that Sims never admitted to criminal conduct nor did the State make an offer of proof that Stevens was in fact injured, and thus Sims should not have been ordered to pay restitution for any pecuniary loss. *Id.* at 305. In addition, the dissent noted that there was no indication in the record that Sims actually agreed pay restitution to all three women in exchange for the State dropping the other two counts; and, notwithstanding such an agreement, a defendant cannot agree to legally void punishment. *Id.* at 306, 307.

It is unclear whether the state court majorities were correct in their conclusions, although the United States Supreme Court has been explicit that when reviewing claims under the AEDPA, a state court must be granted deference and latitude. *Harrington v. Richter*, 562 U.S. 86 (2011). The

dispositive question in this case, however, does not concern the merits of Sims's illegal sentence claim; rather, the question of whether Sims's claim survives hinges on whether his allegation falls under an exception to the limitations period of 2244(d).

Sims was convicted on July 22, 2005. His first filing in state court following his conviction, submitted on October 1, 2007, was construed by the Marion County Circuit Court as a post-conviction motion regarding his revocation hearing, not his guilty plea and resulting sentence. Even if this motion were somehow construed as a post-conviction challenge to Sims's guilty plea, it was made two years and three months after his conviction -- over a year beyond the AEDPA deadline. Sims's Motion for Post-Conviction Collateral Relief, which presented his illegal sentence claim for the first time, was filed on December 5, 2008, over two years beyond the deadline.

In sum, Sims waited over three years to file post-conviction proceedings in state court, and almost eight years before filing the present habeas petition. Even if Sims is entitled to statutory tolling for the span of time his claims were considered in state court,[15] his petition is still well outside the bounds of the one-year period.[16] Federal habeas review is thus barred in this case unless Sims can demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that the court's "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

---

[15]Section 2244(d)(2) provides that the time during which a "properly filed" application awaits post-conviction or collateral review in State court is not counted toward the limitation period. Here, Sims's state court post-conviction proceedings were brought over three years after his conviction, and thus he is entitled to no statutory tolling.

[16]Likewise, Sims is not entitled to equitable tolling. The Supreme Court has held that a litigant is only entitled to it if he has diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 663 (2010). In the present case, Sims waited three years before filing his claims in state court, and he has given no indication that he was otherwise diligently pursuing his claims.

Although this is a peculiar case, Sims's illegal sentence claim falls under no exception to 2244(d). In regard to the first exception, Sims has given no cause for the delay in filing his petition. As for the second, Sims's argument does not rest on the basis that he is actually innocent of assaulting Ms. Stevens, but rather that he never pled guilty to this charge nor did the State prove its case against him. Federal case law is abundantly clear that the bounds of the "miscarriage of justice" exception is strictly limited to cases of actual innocence and do not reach questions of due process in any habeas claim. *Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to the merits of a barred habeas claim."); *see also McQuiggin*, 133 S. Ct. at 1931 ("[A] credibile showing of actual innocence may allow a prisoner to pursue his constitutional claims."); *Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons."). Thus, because Sims's illegal sentence and due process claims regarding restitution do not fall under any exception to Section 2244(d), the claims are time barred and should dismissed with prejudice.

**Other Claims**

Sims makes numerous other allegations in his Petition. Sims alleges that his indictment was defective and invalid, that the trial judge was disqualified from presiding over his criminal case, and that his did not receive constitutionally mandated hearings, all in violation of due process.[17] Sims also alleges that he received ineffective assistance of counsel during discovery, plea process and

---

[17]Petition [1] at 5.

sentencing of his aggravated assault conviction.[18] Specifically, Sims alleges that his attorney failed to object or otherwise challenge the restitution Sims was ordered to pay Stevens, as well as to "numerous violations" of Sims's due process rights. Lastly, Sims alleges that he was subjected to vindictive and politically motivated prosecution, but does not provide any further cognizable explanation.[19]

As discussed *supra*, Sims has failed to file the instant habeas within the period of limitations set forth in Section 2244(d). Sims has not alleged that any of the claims above fall under an exception to the period of limitations. Thus, these claims should also be dismissed with prejudice as untimely.

## RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss [7] be GRANTED, and that Petitioner's Application for a Writ of Habeas Corpus [1] be DENIED and his claims be dismissed with prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed

---

[18]*Id.* at 7.

[19]*Id*. at 10.

findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS, the 7th day of October, 2014.

                                       s/ Michael T. Parker
                                       United States Magistrate Judge