IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHNNY RAY SIMS

VS.                                                             CIVIL ACTION NO. 2:14cv49-KS-MTP

JOHNNIE DENMARK

### ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Motion to Dismiss Pursuant to § 2244(d) [7] filed by Johnny Denmark, Respondent herein, Report and Recommendation [15] of Magistrate Judge Michael T. Parker and Objection thereto [16] filed by Johnny Ray Sims.  The Court has considered the above documents, the record herein, applicable law and finds that the Motion to Dismiss should be **granted** and that the Petition for *Writ of Habeas Corpus* should be **denied.**

### I.  PROCEDURAL HISTORY

Petitioner Johnny Ray Sims is currently serving a life sentence at the Mississippi Correctional Institution ("SMCI")in Leakesville, Mississippi. Prior to a capital murder conviction that resulted in his current  sentence, Sims was convicted of one count of aggravated assault on July 22, 2005, in the Circuit Court of Marion County, Mississippi, and sentenced to twenty years and $10,000 restitution.[1] The underlying facts of his aggravated assault conviction are as follows. On September 13, 2000, a police officer spotted Sims and, believing Sims had warrants out for his arrest, approached him. Sims was in his vehicle, along with Angelina Robinson, who was in the passenger seat. When the police officer attempted to speak with Sims,

---

[1] *See* Exhibit B [7-2] at 1.  Specifically, the court sentenced Sims to serve a year and two months with eighteen years and ten months suspended.  When Sims was arrested for capital murder, his suspended sentence was revoked and he was ordered to serve the remaining portion of his sentence. *Id.*

he drove off at a high rate of speed. Sims then ran a red light and collided with a vehicle driven by Mary Beth Broome. Sims continued to drive and collided with a second vehicle driven by Virgie Stevens. Finally, Sims's vehicle struck a tree, injuring Robinson, while Sims continued to flee on foot.[2] Sims was initially charged with three counts of aggravated assault, but two counts were dropped in exchange for a "best interests plea" to one of the counts.[3] In exchange for dismissing the two counts, the State requested that the trial court consider ordering restitution to all three victims.[4] On July 21, 2005, Sims was ordered to pay a total of $10,000 in restitution in addition to his prison sentence - $6,000 to alleged victim Virgie Stevens and $4,000 to the victim of the count for which he was convicted, Mary Beth Broome.[5]

On October 1, 2007, Sims filed a "Motion to Vacate Revocation Hearing" in Marion County Circuit Court. This motion was treated as a post-conviction motion regarding Sims revocation hearing and not a challenge of his original plea of guilty and resulting sentence, and was denied on May 14, 2008.[6] On December 5, 2008, Sims filed a Motion for Post-Conviction Collateral Relief in Marion County Circuit Court,[7] which was dismissed on April 20, 2009.[8] The Mississippi Court of Appeals affirmed on March 5, 2013. *Sims v. State*, 134 So. 3d 317 (Miss. Ct. App. 2013), *reh'g denied*  June 25, 2013.  The Mississippi Supreme court granted *certiorari*

---

[2]*Sims v State*, 134 So. 3d 317, 319-20 (Miss. 2013).

[3]*Id.* At 302.

[4]*Id.*

[5]Exhibit B [7-2].

[6]Exhibit E [7-5] at 2.

[7]*See* Exhibit I ]7-9].

[8]*See* Exhibit J [7-10].

review and affirmed the Appeals Court decision on March 20, 2014. *Sims v. State*, 134 So. 3d 300 (Miss. 2014).

Sims filed the present action pursuant to 28 U.S.C. § 2254 on April 7, 2014. In his petition, Sims alleges that the order to pay restitution to Virgie Stevens was an illegal sentence and in violation of Due Process.[9] Specifically, Sims argues that restitution could only be imposed on him as to a loss caused by the offense to which he pled guilty or for which he was tried and convicted. Sims also alleges he had ineffective assistance of counsel during his plea hearing and that he was subjected to vindictive and politically motivated prosecution.[10] Respondent submits in his Motion that Sims's petition is time barred pursuant to 28 U.S.C. § 2244(d), and that no exception to this statute of limitations applies.[11]

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous,

---

[9]Although petitioner Sims argues these grounds as separate claims in his Petition, the undersigned will consider them together.

[10]*See* Petition [1].

[11]Motion [7]; Response in Opposition to Petitioner's Traverse [10].

conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

In his Objection to the Report and Recommendation, Petitioner does not address the reasoning of Judge Parker on the period of limitation established by 28 U.S.C. § 2244(d)(1). This section provides for a one year statute of limitations, beginning to run from the date the Judgment becomes final. The argument of the Petitioner is that there has never been a date that the Judgment becomes final because the order to pay restitution to Virgie Stevens constitutes an illegal sentence. Continuing in his Objection, the Petitioner argues that his conviction is an illegal conviction. He also argues irrelevant matters such as failure to provide discovery and actual innocence. The facts of the case belie Petitioner's claim as to innocence, but irrespective of that his Objections are misplaced. He has never challenged this conviction in Marion County. He was convicted of aggravated assault of Mary Beth Broome and his conviction became final in 2005. The conviction is a final and valid conviction established by a valid and binding judgment. The claim that Petitioner has is an invalid sentence. In the sentencing order he was ordered to pay restitution for injuries sustained by Mrs. Broome, but also was ordered to pay restitution for damages sustained by Mrs. Virgie Stevens. His argument is that he cannot be ordered to pay restitution to someone that was not adjudged to be a victim of a crime. This issue was litigated extensively in state court and the result was adverse to Petitioner.

There has been no challenge made to Judge Parker's ruling that the one year statute of limitations passed prior to Petitioner filing the petition. If the sentence was invalid and timely challenged in this Court, that issue would have been addressed, but the bottom line is that it was

not.  Ordering the restitution for Mrs. Stevens is part of the sentencing order and judgment that Petitioner complains of.  He waited too long to file the petition in this Court and, therefore, this petition is barred by the applicable statute of limitations.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Sims' objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Johnny Ray Sims' claim is **dismissed with prejudice**.

SO ORDERED this, the 6th day of January, 2015.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE